# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OHIO

## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO.: 5:18 CR 00005 |
| Plaintiff | * | JUDGE: JOHN R. ADAMS |
| v. | * | |
| ERIC W. BEARD | * | **SENTENCING MEMORANDUM** |
| | | **OF ERIC W. BEARD** |
| Defendant | * | |
| | * * * | |

Now comes the Defendant, ERIC W. BEARD, by and through the undersigned counsel, and offers the following Sentencing Memorandum.

The Defendant plead guilty to the one count indictment of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) and there was no plea agreement in this case. The statutory sentencing range is a minimum of fifteen years to a maximum of thirty years imprisonment.

The Defendant plead guilty to the indictment because he is guilty. Eric admits he had inappropriate sexual contact with his live-in girlfriend's daughter of three years old, took pictures of her naked, had inappropriate contact with her and then downloaded the images to his computer and forwarded them to others through an application called KIK. Eric's actions were horrible and reprehensible and he believes that he should be punished and sent to prison for an

extended period of time for his criminal behaviors.  Nothing that is said hereafter is meant to make an excuse or minimize his actions.

The facts are that his girlfriend found the images of her daughter on Eric's cellphone and confronted him immediately.  Eric confessed to her and they both then went to the Wooster Police Department where he gave a written and oral confession.  He also delivered the phone to the Wooster Detective.  He was not arrested and was released.  Eric immediately contacted the Wooster Counseling Center to address his obvious psychological issues.  He attended one meeting before he was arrested on these charges.

The total offense level calculated in the Presentence Investigation Report is 43.  He has no adult convictions other than several driving violations and thus his criminal history score is a 0.  The sentencing table dictates that an offense level of 43 and a criminal history category of I is life in prison.  The Defendant's position is that a guideline sentencing range of life in prison is totally unreasonable, unconstitutional and that the Court should vary downward from the guideline range.  Since the maximum sentence is thirty years, the court must vary down from the guideline range to a sentence not exceeding thirty years.

The Defendant does not necessarily object to the scoring of the base offense level and specific offense characteristics enumerated in the presentence investigation report.  The Defendant's objection is that the total offense level is patently unreasonable and unconstitutional.  More specifically, four points were added under Paragraph 18 because the victim had not attained the age of 12 years, and an additional four levels was added under Paragraph 21 because the victim was an infant or toddler.  Thus eight levels was added on to the base offense level due solely to the child's age.  This is a significant increase in the total offense level and the reasoning

for additional points "the age of the victim" clearly overlaps and is thus in effect double counted. The enormous number of total points added for the offense conduct herein is in violation of the Defendant's constitutional rights that he not receive cruel and unusual punishment.  The Defendant does not waive any other constitutional challenges to the guidelines in this case and specifically reserves his right to argue additional constitutional challenges on appeal.

The Defendant is a 27 year old male.  The average life expectancy for a male in the United States is approximately 80 years old.  The guidelines dictate then that Eric Beard should receive a life sentence of approximately 53 years in prison.  The statutory maximum for the same conduct is 30 years.  That is an additional 23 years in prison beyond the statutory maximum and clearly shows the absurdity of THE guideline range in this case.

Attached hereto and marked as Exhibit "A" is a report offered by Dr. Arcangela S. Wood, a Psychologist.  Dr. Wood is a Psychologist at the Summit County Psycho Diagnostic Clinic located in the Summit County Common Pleas Court and is the individual generally responsible for psychological evaluations for criminal defendant cases pending in Summit County, Ohio. Thus, she has great experience in evaluating psychological issues of criminal defendants.

Dr. Woods' report details much of the history of Eric Beard and the undersigned will not repeat them all here.  The report explains how Eric was sexually abused at an extremely young age and then again around the age of 8 years old.  The Defendant has never received proper psychological counseling for the obvious effects of this abuse.

Dr. Woods' opinion set forth on the last page of the report, states in part that "*there is no indication that Mr. Beard meets the criteria for the diagnosis of pedophilic disorder."*  While this is certainly important information, Dr. Wood did not then discuss the nature of pedophilic

disorder or how it could affect individuals.  The undersigned offers the attached article, Exhibit

"B" that discusses pedophilic disorder and its effects.  The article is offered so the court may

gain some additional insight into the disorder. The Defendant's position is that since he

apparently does not suffer from this disorder, his treatment for his psychological issues has a

greater chance for success and thus his risk of recidivism is decreased.

   Defendant would also like to discuss several of the factors in 18 USC §3553 for the

Court's consideration in varying from the guideline sentence. The history and characteristics

show that he has no prior adult criminal record at all.  There are also no prior allegations of abuse

against any other children other than the minor in the within action.  Just punishment for this

offence would not ever include a discussion of life in prison for a 27 year old as recommended

by the guidelines.  The minimum term the court can impose is 15 years, which seems just

punishment and an adequate deterrent of future criminal conduct.  The report by Dr. Woods

indicating the Defendant does not suffer from pedophilic disorder implies the Defendant is more

amenable to treatment than an individual that suffers from the disorder and thus weighs in the

Defendant's favor in the Court taking the necessary steps to protect the public from crimes of the

Defendant in the future.

   Section 3553(a)(6) discusses the Court's obligation to avoid unwarranted sentence

disparities.  It seems unwarranted for an individual in Ohio to commit a murder and likely

receive less than a life sentence and less than a 30 year prison sentence as suggested here.

   Section §3553(b)(2)(a)(ii) discusses mitigating circumstances that the Court should take

into consideration regarding child crime and sexual offenses.  Some of the mitigating factors that

would warrant a downward departure include that the Defendant suffered significant sexual

abuse as a child, that he cooperated fully with the investigation herein by taking the unusual stance of reporting to the police station and confessing and turning in his phone, and by pleading guilty to the indictment herein.  Additionally, the Defendant proffered information, provided substantial assistance in the investigation and prosecution of other people involved in criminal activity.  The Defendant will offer additional mitigating factors for the Court to consider at sentencing.

In conclusion, based upon the above discussion and others to be offered to the Court at sentencing, the Defendant respectfully requests that the Court consider imposing a sentence at the mandatory minimum of 15 years prison in this case.  The Court is required to vary downward from the sentencing guideline calculation because the statutory maximum sentence is less than the guideline computation.  Merely varying downward to 30 years still represents an enormously long sentence for a first time offender who has been amazingly cooperative in the within proceedings.  The Defendant's cooperation merely shows his willingness to address his psychological problems and should demonstrate to the Court the likelihood he will to continue to address his issues when he is released from prison.

Respectfully submitted,


/s/David C. Jack_____
DAVID C. JACK #0034187
Attorney for Defendant
145 Akron Road
Wadsworth, Ohio  44281
(330) 336-4455 Fax:  330-336-4462
davidjacklaw@juno.com

**PROOF OF SERVICE**

I hereby certify that on the  20th  day of September, 2018, a copy of the foregoing Defendant's Sentencing Memorandum was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/David C. Jack_____
DAVID C. JACK #0034187
Attorney for Defendant