```
                                                                  1

 1                      UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF OHIO
 2                           EASTERN DIVISION

 3
       UNITED STATES OF AMERICA,
 4
                 Plaintiff,           Case No. 5:18CR5
 5                                    Akron, Ohio
            vs.                       Wednesday, September 26, 2018
 6
       ERIC W. BEARD,
 7
                 Defendant.
 8

 9
                EXCERPT OF TRANSCRIPT OF SENTENCING HEARING
10                 BEFORE THE HONORABLE JOHN R. ADAMS
                      UNITED STATES DISTRICT JUDGE
11

12     APPEARANCES:

13     For the Government:   Carol M. Skutnik
                             Office of the U.S. Attorney - Cleveland
14                           Carl B. Stokes U.S. Courthouse
                             801 Superior Avenue, West, Suite 400
15                           Cleveland, Ohio 44113
                             (216) 622-3600
16
       For the Defendant:    David C. Jack
17                           Attorney at Law
                             145 Akron Road
18                           Wadsworth, Ohio 44281
                             (330) 336-4455
19
       Court Reporter:       Caroline Mahnke, RMR, CRR, CRC
20                           Federal Building & U.S. Courthouse
                             2 South Main Street, Suite 568
21                           Akron, Ohio 44308
                             (330) 252-6021
22

23

24     Proceedings recorded by mechanical stenography; transcript
       produced by computer-aided transcription.
25
```

1                     \* \* \* \* \*

2           THE COURT: Thank you, counsel.

3 For the record, I would note I have carefully reviewed
4 the matter. I have gone over all the various documents as I
5 previously indicated, reviewed them all. I've spoken with
6 the probation officer. She and I both have gone over the
7 matter, and obviously the case is deeply troubling, as all
8 of these cases are.

9 On December 18 -- when I turn to the various factors
10 I'm required to consider, the nature and circumstances of
11 the offense is where we're required to begin. We begin that
12 on December 18, 2017, a complaint was lodged that defendant,
13 Eric Beard, had taken inappropriate pictures or had
14 inappropriate pictures of his step-daughter.

15 Mr. Beard admitted he had taken the inappropriate
16 photographs of his three-year-old step-daughter, Jaylyn.
17 Photographs are of the victim's bottom half.

18 Mr. Beard explained that he engaged in a sexual
19 conversation with a female identified as Abi Smith. Abi
20 would send him nude photographs of herself. Mr. Beard, in
21 exchange, would send photographs of himself and/or the
22 victim.

23 Mr. Beard reported taking three photographs of the
24 victim's nude bottom half the morning of December 18, 2017.
25 He then sent those images to Abi Smith, had conversations

1  with her.

2  During one conversation sent by Mr. Beard, he states,
3  "Lick her pussy, her ass and pussy," to which Beard
4  explained he was referring to the minor victim.

5  Beard denied touching J.R. and stated that he sent the
6  message trying to arose Abi Smith so that she would send him
7  a photograph.

8  Abi replied asking Mr. Beard if he had done this in
9  the past, and he had stated yes.

10  Mr. Beard stated the images of the minor victim were
11  not for his own sexual gratification but they were used as a
12  bargaining tool to receive nude photographs from Abi that he
13  would then use in his own sexual activities.

14  On December 19, 2017, the victim, the minor victim,
15  was interviewed by an individual from the Wayne County Child
16  Advocacy Center. During the interview, the minor victim
17  referred to Mr. Beard as daddy.

18  The minor victim also underwent a physical examination
19  during which she disclosed that her daddy had licked her on
20  private areas. The victim also stated that her daddy put
21  his finger in her butt in the front and the back.

22  I'm sorry for being graphic, but those are the facts
23  and they are what the Court must consider in deciding a
24  sentence. And it's graphic. It's unfortunate. But those
25  are the facts.

1  On December 21, 2018, a search of Mr. Beard's LG cell
2  phone revealed approximately 22 images depicting child
3  pornography involving the minor child referenced above.  And
4  the greater details, or more complete details, of the
5  offense are outlined in paragraphs 4 through 12 of the
6  presentence report.
7  The history of the defendant and the characteristics
8  of the defendant, his prior record, violence, physical
9  abuse, diminished capacity, employment, age, substance abuse
10 and family ties.
11 The defendant is 26 years old with one juvenile
12 adjudication for attempt -- arson and attempt safe cracking
13 and breaking and entering.
14 He also has two adult convictions which are certainly
15 much lesser important driving under suspension convictions.
16 There is no history of violence in the defendant's
17 past.  He does report suffering from emotional abuse and
18 describes some sexual abuse.
19 He started counseling as a result of the instant
20 offense, although he has some history of counseling based on
21 the information and records that I've seen.
22 He does report being depressed, suffering from mood
23 swings, and that's more likely than not based on,
24 unfortunately, his current situation.
25 Mr. Beard is in fair physical health although he

suffered a slight heart attack and is in need of dentures.

He obtained his GED in 2010, has some other certifications.

In 2017 he was employed for three months as a painter for Stahl in Wooster, Ohio.

He does have a work history primarily as a machinist according to the PSI. I've gone through it. He has had some employment. It appears that he has had numerous jobs. I'm not sure why he's not been able to maintain those jobs. But he has worked, to his credit.

He has never been married, has no biological children. It appears that he was a father figure for this child, for Jaylyn, for the past several years during the time that he lived with the child's mother.

In terms of sentencing disparities, there may be some in this case based upon the recommended sentence and the circumstances here.

In terms of the need for the sentence imposed, the statute speaks to just punishment, adequate deterrence, protect the public, reflect the seriousness of the offense, improve the offender's conduct and condition.

The Court would note that I have considered the arguments of counsel. He has done a fine job of arguing and advocating on behalf of his client, and that's difficult to do in these difficult cases, to say the least.

1  I'll acknowledge his constitutional argument. It's
2  not well-taken, I don't believe, unfortunately. I know he
3  is preserving it for the record and for purposes of appeal.
4  The guidelines have been upheld and there
5  is -- obviously Congress took the matter to heart, the
6  issues related in the guidelines and disagreements among
7  jurists about whether the guidelines are too harsh as it
8  relates to these offenders.
9  And to that end, Congress received a report from the
10 United States Sentencing Commission back in 2012 which
11 covers these areas. I know there is some debate among
12 jurists about the guidelines and/or about the type of
13 sentences that are imposed for these kinds of cases.
14 But this case, unfortunately, is distinct from many in
15 that we have a defendant, sadly, who does have a limited
16 criminal history. But unfortunately, these cases, when they
17 involve hands-on taking photographs of little children,
18 placing them on the internet, certainly is deeply troubling.
19 And that's why Congress has put the mandatory minimum in
20 place.
21 But this case is exacerbated by the fact that, we'll
22 call it -- I'll use the term, I don't like using it, but it
23 is a case involving an actual hands-on offense, meaning
24 actual touching, actual physical activity with the minor
25 child. And that, again, places the case in a much different

1     category than others.

2     And the abuse -- that's all it is. It's the abuse of
3     this little girl -- is deeply troubling. It indicates
4     someone who clearly does have issues, serious issues, which
5     the defendant acknowledges.

6     And so it's very sad. He was involved with this child
7     for two years. She obviously had some affinity for him.
8     And so, very sad.

9     And, unfortunately, the defendant is a threat to minor
10    children. You don't take pictures of little children. You
11    don't share them with others on the internet. You don't do
12    that if you don't have an interest in this type of activity,
13    or sexual interest in this type of activity.

14    It's like someone -- I've heard the analogy -- someone
15    who collects baseball cards and baseball autographs and goes
16    to baseball games and collects uniforms and hats, or
17    whatever you want to call it, and then say, "Really, I'm not
18    interested in baseball."

19    Well, you're interested in baseball. Otherwise -- or
20    you're interested in children. Otherwise you wouldn't be
21    engaging in this activity and taking these pictures and
22    sharing them with someone else.

23    That's unfortunate.

24    I'll follow the recommendation of the probation
25    officer. The guideline -- and she and I have discussed it.

1  Again, these cases are so difficult. The guidelines is 360
2  months. That is what technically is what the guidelines
3  will be.
4      The defendant, at least in some respects, deserves
5  some consideration. I think that sentence would be
6  excessive or greater than is necessary in this instance,
7  perhaps, given his young age at 26. 30 years would place
8  him -- at that point he would be 56, of course less time,
9  credit for time served and less good time, credit for good
10 time, as we call it, and things of that nature.
11     So I will do the following:
12     Pursuant to the Sentencing Reform Act of 1984, 18
13 United States Code 3553(a), it will be the judgment of the
14 Court that the defendant, Eric Beard, is hereby committed to
15 the custody of the Bureau of Prisons to be imprisoned for a
16 term of 240 months. And the Government may very well appeal
17 that sentence. That's 20 years, but that's well below the
18 guidelines.
19     I varied downward based upon the age of the defendant.
20 Also based upon the fact that -- again, I don't know that he
21 was completely honest and candid. He did make some efforts,
22 however, make statements to law enforcement, what have you.
23     And, again, that sentence in and of itself may be one
24 the Government wishes to appeal, and I would understand
25 that, just based on the conduct.

1    The defendant will be placed on supervised release for
2    a term of life. I believe that term is necessary to protect
3    the public, given his admitted problems and issues. He's
4    cried out for treatment.
5    A term of life supervised release will ensure that if
6    indeed he does have any other -- is tempted or does engage
7    in any other conduct of this type, that he will once again
8    face another heavy sanction. Hopefully he will learn that.
9    And, again, that is an extensive period of time,
10   greater than ten years, certainly, again, but I believe,
11   based upon the conduct, the hands-on conduct here, that type
12   of supervised release is indeed necessary to ensure the
13   defendant does not commit any type of offense that's similar
14   to this.
15   When you're released from prison, you'll be, as I've
16   indicated, placed on supervised release for the time I've
17   outlined. You'll be required to report in person to the
18   district in which you're released.
19   I'll waive the fine.
20   Special assessment of $100 is due immediately.
21   Restitution, do we not have the $5,000 at issue here?
22   MS. SKUTNIK: There should be a $5,000 special
23   assessment, Your Honor.
24   THE COURT: I'm looking for it.
25   MS. SKUTNIK: It does fall within the time frame

1    of the statute.

2    THE COURT: I believe by statute there is a
3    $5,000 supervised release based upon the nature of this
4    offense -- I'm sorry, $5,000 special assessment the Court
5    will impose.

6    And the defendant will pay it at no less than 25
7    percent of his gross monthly income while he's incarcerated.
8    Hopefully he will have a job and be able to pay restitution.

9    All the mandatory conditions I will put in place, sir,
10   in the PSI. The standard conditions of probation will be
11   put in place -- of supervised release, I should say.

12   You'll be required to undergo drug testing, drug
13   treatment. You have some issues with drugs as reflected in
14   the PSI.

15   And you will participate in any program of substance
16   abuse testing, treatment, inpatient, outpatient, as
17   supervised by your probation officer.

18   You will undergo a mental health evaluation,
19   participate in a mental health treatment program, follow the
20   rules and regulations of that program.

21   And your probation officer will supervise you with
22   regard to that treatment.

23   You must submit your computer, other electronic
24   communication devices, to a search.

25   There will be no internet access without permission of

1  your probation officer, permission in advance.

2  You'll participate in a sex offense specific
3  assessment.

4  And you will -- you're required to register with the
5  Sex Offender Registration and Notification Act under federal
6  law, comply with the requirements of that act as directed by
7  your probation officer.

8  And pursuant to the Adam Walsh Child Protection Act,
9  you'll keep your registration current in each jurisdiction
10  in which you reside, are employed, or are a student.

11  You must, no later than three business days after each
12  change in name, residence, or employment or student status
13  appear in person in at least one jurisdiction in which
14  you're registered and inform that jurisdiction of any
15  changes in reporting information.

16  Failure to do so may be a violation of your condition
17  of release and you may be -- it will be.  I'm sorry.  It
18  should be or may be a new federal offense punishable by up
19  to ten years.  So that registration is extremely important.

20  You cannot communicate or otherwise interact with the
21  victim in this case, Jaylyn, either directly or through
22  someone else, in any way, shape, or form.  And that begins
23  now.

24  You're going off to the Bureau of Prisons, and I
25  expect that there is not going to be any contact between

1    you.

2    Hopefully the mother of Jaylyn understands that.
3    She's in the courtroom. I can't prohibit her from
4    contacting you, but if in fact there is any such contact
5    that involves that child in any way, shape, or form, rest
6    assured there will be a consequence.

7    Do you understand that?

8    THE DEFENDANT: Yes, Your Honor.

9    THE COURT: The harm done to this victim, I've
10   already said it, and I've said it, and it's obvious. And so
11   you should not in no way, shape, or form. No apologies.
12   Nothing.

13   That child should go on. Hopefully she'll get
14   counseling and hopefully she will go on with her life.
15   Hopefully she will not know or learn about this. But I
16   can't control that.

17   You will participate in a sex offense specific
18   treatment program. You'll follow the rules and regulations
19   of that program.

20   Your probation officer will help you
21   participate -- supervise your participation.

22   And you may not seek, obtain, maintain any residence,
23   employment, volunteer work, church, recreational activities
24   involving minors, persons under the age of 18, in any way
25   without the express written approval of your probation

1    officer.

2    Those things will go into your written order. And I
3    know you'll be serving a lengthy sentence, but you'll be
4    reminded of those things at a point in time when you are
5    approaching your release.

6    Under *U.S. versus Bostic*, any objections?

7    I'll note the government's objections to the Court's
8    sentence. I have varied down substantially. So the
9    government certainly has a right to appeal. I would
10   understand if they do. I'll note their objection for the
11   record.

12   Any other objections, though, as to arguments, counsel
13   for the Government?

14   MS. SKUTNIK: Nothing further, Your Honor.

15   THE COURT: Thank you.

16   Mr. Jack, under *Bostic*?

17   MR. JACK: None relating to *Bostic*.

18   Judge, would you recommend Milan, Michigan? I'm not
19   sure he qualifies for that facility, but.

20   THE COURT: I'll make that recommendation, but
21   again, I think -- he will not qualify for treatment until
22   later on during his incarceration, the way the BOP works.
23   But I'll make the recommendation for him.

24   Mr. Beard, I will give you your appellate rights, but
25   as I will tell you now, I varied substantially. There is

1    more likely no basis for an appeal from the Court's
2    sentence.  But that's a matter you can take up with Mr.
3    Jack.  You may have a constitutional argument you might wish
4    to make or some other argument.
5           Any notice of appeal must be filed no later than 14
6    days after I issue an order setting forth your sentence in
7    the matter.
8           And Mr. Jack will represent you for that appeal if
9    need be.  I'll appoint him for that purpose if you and he
10   would like to have an appeal filed.
11          Do you understand that?
12                 THE DEFENDANT:  Yes, Your Honor.
13                 THE COURT:  Has the BOP provided you with
14   dentures as of yet?
15                 THE DEFENDANT:  No, Your Honor.
16                 THE COURT:  I'll order, to the best of my
17   ability, I'll order that you receive dentures.  That's
18   appropriate.  You're 26 years old.
19          And if I have the authority, we will see if we can do
20   something to help you in that regard.
21          All right.  Anything else?
22          Thank you very much.  That will be the Court's order.
23                 MR. JACK:  Thank you.
24                 MS. SKUTNIK:  Thank you, Your Honor.
25          (Proceedings concluded at 12:05 p.m.)

15

 1

 2                    C E R T I F I C A T E

 3

 4          I certify that the forgoing is a correct

 5    transcript from the record of proceedings in the

 6    above-entitled matter.

 7

 8            S/Caroline Mahnke              7/7/2020

 9            Caroline Mahnke, RMR, CRR, CRC    Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25